IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 26-cv-0611-WJM

HARKIRAT SINGH,

    Petitioner,

v.

JUAN BALTASAR, in his official capacity as Warden
of the Denver Contract Detention Facility, *et al.*,

    Respondents.

## ORDER GRANTING HABEAS CORPUS PETITION

Before the Court is Petitioner Harkirat Singh's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and Motion for Temporary Restraining Order ("Motion") (ECF No. 2). Respondents Juan Baltasar, in his official capacity as Warden of the Denver Contract Detention Facility; Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"); and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "Respondents" or "the Government") filed a response. (ECF No. 11.) Singh filed a reply. (ECF No. 12.)

For the following reasons, the Petition is granted.

### I.    BACKGROUND

Singh is a native and citizen of India who first entered the United States without inspection in May 2024. (ECF No. 1 at ¶ 1.) He claims he fled India in fear for his life

and is currently pursuing an application for asylum in Immigration Court. (*Id.* at ¶ 4.)

Singh was briefly detained upon his initial entry into the United States but was released shortly thereafter on his own recognizance and placed in ICE's Alternatives to Detention ("ATD") program. (*Id.* at ¶ 1.) Singh has no criminal history and states that he maintained perfect compliance with his conditions of release under the ATD program, including attending every scheduled check-in with ICE. (*Id.* at ¶ 2, 3.)

Singh continued on bond without incident until roughly a month ago, when local law enforcement stopped a vehicle in which he was a passenger for a "traffic matter." (*Id.* at ¶ 5.) The officers questioned Singh about his immigration status, and he told them he had a pending case in Immigration Court. (*Id.*) Upon learning as much, the officers promptly detained Singh without a warrant or individualized custody determination and subsequently transferred him to the custody of ICE. (*Id.*)

As of the date of the Petition, no final order of removal had been entered in Singh's immigration proceedings. (*Id.* at ¶ 4.) Nevertheless, the Government now claims that Singh is subject to mandatory detention under 8 U.S.C. § 1225(b)—not 8 U.S.C. § 1226. (*Id.* at ¶ 4, 6–7; ECF No. 11 at 2, 4.) Singh brings the Petition and Motion to challenge the legality of his detention under § 1225(b).

## II.   LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in

2

violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### III.   ANALYSIS

Singh contends that his mandatory detention under § 1225 violates the Immigration and Nationality Act ("INA") and his Fifth Amendment Due Process rights. (*See generally* ECF No. 1.) As a result, Hernandez seeks a "prompt bond hearing before an Immigration Judge or, in the alternative," immediate release from detention. (*Id.* at 2–3, 11–12.)

The Government submits that "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." (ECF No. 11 at 2.) The Government further submits that the particular facts of this case are not germane to this central legal issue. (*Id.* at 2.) On the contrary, the Government acknowledges that "[t]his issue is not materially different from an issue this Court has resolved in prior rulings in other cases." (*Id.* (citing *Garcia Abanil v. Baltazar,* ---- F. Supp. 3d ----, 2026 WL 100587, at *1 (D. Colo. Jan. 14, 2026); *Morales Lopez v. Baltazar*, 2026 WL 25161, at *1 (D. Colo. Jan. 5, 2026)).)

In *Morales Lopez*, the Court made the following very clear: "Like dozens of other

3

federal district courts across the country, including in this Circuit, the Court concludes that Morales Lopez's detention is properly governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A)." 2026 WL 25161, at *4 (citing *Nava Hernandez v. Baltazar, et al.*, 2025 WL 2996643, at *4 (D. Colo. Oct. 24, 2025)). The *Morales Lopez* case involved facts substantially similar to those at issue in Singh's case. *See generally id.*

Then, only a week or so later, the Court fleshed out the reasoning behind this ruling in *Garcia Abanil*. *See generally* 2026 WL 100587, at *1. It summarized the pertinent issue as follows:

> [S]ince *Yajure Hurtado*, many lawsuits have been filed challenging Respondents' recent practice of subjecting all noncitizen immigrants present in the United States to mandatory detention pursuant to § 1225(b)(2)(A). As in many of those previously filed actions, Garcia Abanil alleges here that his continued detention under 1225(b)(2)(A) violates the INA, as well as his substantive due process rights. (ECF No. 1.) The Court analyzes each of these claims below. Ultimately, it joins the many federal courts across the country that have been faced with virtually identical challenges in concluding that Garcia Abanil is subject to detention only under § 1226(a)—not § 1225(b)(2)(A)—and his continued detention without an individualized custody determination accordingly violates his constitutional right to due process.

*Id.* at *4.

The Court held in that case:

> The Court, like numerous other courts presented with this very same question of statutory interpretation, agrees with Garcia Abanil. "The weight of authority interpreting § 1225 has recognized that 'for section 1225(b)(2)(A) to apply, several conditions must be met—in particular, an 'examining immigration officer' must determine that the individual is: (1) an 'applicant for admission'; (2) 'seeking admission'; and (3) 'not clearly and beyond a doubt entitled to be admitted.'" *Loa Caballero v. Baltazar,* 2025 WL 2977650, at *6 (D. Colo. Oct. 22, 2025) (quoting *Martinez v. Hyde,* 2025 WL 2084238, at *2 (D. Mass. July 24, 2025) (internal citations

4

>omitted)).
>
>. . .
>
>At bottom, "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission." *Lopez-Campos*, 797 F. Supp. 3d at 781.  And "[a]s § 1225(b)(2)(A) applies only to those noncitizens who are actively 'seeking admission' to the United States, it cannot, according to its ordinary meaning, apply to [persons who have] already been residing in the United States for several years.'  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025).  Put another way, noncitizens in Garcia Abanil's position, who entered the United States many years ago, are not 'seeking admission' to the United States but are instead "seeking to *remain* in the United States." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1113 (E.D. Cal. 2025); *see also J.G.O. v. Francis*, 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025) ("'[S]eeking admission' requires an alien to *continue* to want to *go into* the country.  The problem, as [petitioner] points out, is that he's already here; you can't go into a place where you already are." (emphasis in original)).

*Id.* at *4–5.

The Court did not, however, base its conclusion on the plain text of the controlling statutes alone.  Rather, it went on to observe that

>Respondents' proffered interpretation of § 1225 appears facially inconsistent with related implementing regulations.  Though, "[w]ith *Chevron* laid to rest," the Court must "follow the Supreme Court's charge to 'exercise independent judgment' in interpreting the relevant statutory language," *Rangel-Fuentes v. Bondi*, 155 F.4th 1138, 1143 (10th Cir. 2025) (internal citation omitted), courts may nonetheless "seek aid from the interpretations of those responsible for implementing particular statutes," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).  "[I]nterpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Id.*
>
>As relevant here, the implementing regulation for § 1225(b) states that "any *arriving alien* who appears to the inspecting

5

> officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act." 8 C.F.R. § 235(c)(1) (emphasis added). In this way, "[t]he regulation appears to contemplate that applicants seeking admission are a subset of applicants 'roughly interchangeable' with 'arriving aliens.'" *Cordero Pelico v. Kaiser*, 2025 WL 2822876, at *11 ([N.D. Cal.] Oct. 3, 2025) (quoting *Martinez*, 2025 WL 2084238, at *6) (emphasis in original). An "arriving alien" is defined under the regulatory scheme as "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1.2. "This plainly does not describe petitioners," like Garcia Abanil, who already "reside in the United States." *Kaiser*, 2025 WL 28227876, at *11.

*Id.* at *5.

Finally, the Court observed that Garcia Abanil's illegal detention violated his substantive due process rights. *See id.* at 6 ("Here, the parties' arguments appear, at least implicitly, to acknowledge that Garcia Abanil's due process claim rises and falls with the Court's determination of whether he is detained pursuant to § 1225(b)(2)(A) or § 1226(a)."). The Court expounded: "[B]ecause Garcia Abanil is statutorily entitled under § 1226 to more process than he has thus far received, his continued detention without an individualized bond hearing necessarily violates his Fifth Amendment right to due process." *Id.*; *cf. Lopez Benitez*, 795 F. Supp. 3d at 495 (concluding, at least as it pertains to the first factor set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that "the facts clearly demonstrate[d] that [petitioner] was 'entitled to more process than he received' pursuant to § 1226(a) and its implementing regulations" and thus "a violation of [petitioner's] 'liberty interest is clearly established' here").

Respondents "respectfully disagree with th[e]se rulings." (ECF No. 11 at 2.) Moreover, they point out that the Fifth Circuit has since agreed with their proffered interpretation of the statute. (*Id.* at 2 (citing *Buenrostro-Mendez v. Bondi,* --- F.4th ---,

6

2026 WL 323330, at *5–10 (5th Cir. Feb. 6, 2026).)  Nevertheless, "Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to [*Garcia Abanil* and *Morales Lopez*], as the facts of this case are not materially distinguishable from those cases for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  (*Id.* at 3.)  As a result, "while Respondents do not consent to issuance of the writ and reserve the right to appeal, to expedite disposition of this case," they submit that they have nothing to add beyond the legal arguments the undersigned has already fully considered and rejected elsewhere.  (*Id.*)

The Court sees no basis to depart from the extensive reasoning outlined in its published decision in *Garcia Abanil*.  More to the point, not only is it not bound by the Fifth Circuit's intervening decision, it is singularly unpersuaded by it.  *See Singh v. Baltazar,* — F. Supp. 3d. —, 2026 WL 352870, at *3–4 (D. Colo. Feb. 9, 2026) (similarly rejecting Fifth Circuit's reasoning in *Buenrostro-Mendez*).  Furthermore, unlike the circumstances of the *Buenrostro-Mendez* decision, the petitioner here does not concede that he is an applicant "for admission within the meaning of § 1225(a)(1)."  *See Bautista v. Santacruz*, — F. Supp. 3d. —, 2026 WL 468284, at *7 n.6 (C.D. Cal. Feb. 18, 2026) (observing that the petitioners in that case did not concede the "seeking admission" point as did the petitioners in *Buenrostro-Mendez*).

Like that of the petitioner in *Garcia Abanil* and *Morales Lopez,* Singh's detention properly falls under section 1226(a).  As such, the Court readily finds and concludes that Respondents have violated his statutory and constitutional rights by arguing

7

otherwise and denying him an opportunity to post bond.[1]

Accordingly, the Court shall order the Government to provide Hernandez with a bond hearing pursuant to § 1226(a) within seven days of this Order. The Court believes, on the limited record before it, that an Immigration Judge is better suited to consider whether he poses a flight risk or danger to the community in the first instance. *Cf. Loa Caballero*, 2025 WL 2977650, at *9; *Alvarez v. Noem*, 2025 WL 2942648, at *9 (W.D. Mich. Oct. 17, 2025).

As for the procedures that will govern at that bond hearing, the Court reiterates its holding in *Garcia Abanil*: It is the Government's burden to "justify[] a noncitizen's continued detention at a bond hearing." 2026 WL 100587, at *4; *Arauz v. Baltazar*, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025); *see also Espinoza Ruiz v. Baltazar*, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden of proof for the bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [§ 1226(a) hearing], the Respondents bear the burden of justifying detention."); *Mendoza Gutierrez*, 2025 WL 2962908, at *14 (directing that "the Government shall bear the burden of justifying [detention] by clear and convincing evidence of dangerousness of risk of flight").

## IV.   CONCLUSION

For all these reasons, the Court ORDERS as follows:

---

[1] Notably, the Court's conclusion here is consistent with the numerous other decisions the undersigned has reached in the very recent past. *Cf. Hernandez v. Baltazar et al.,* 2026 WL 507518, at *4 (D. Colo. Feb. 24, 2026); *Fuentes Bonilla v. Baltazar et al.*, 2026 WL 452365, at *4 (D. Colo. Feb. 18, 2026); *Martinez-Orellana v. Hagan et al.,* Civil Action No. 26-cv-0355-WJM (D. Colo. Feb. 13, 2026) (ECF No. 14); *Alvarez Hernandez v. Baltazar et al.,* 2026 WL 304362, at *1–4 (D. Colo. Feb. 5, 2026); *Garcia Abanil,* — F.Supp.3d —, 2026 WL 100587, at *4; *Morales Lopez*, 2026 WL 25161, at *4–5.

1. The Court's Order to Show Cause (ECF No. 7) is MADE ABSOLUTE and Singh's Petition (ECF No. 1) is GRANTED;

2. The Court GRANTS this relief to Singh pursuant to his individual claims for relief asserted in the Petition. It does not reach the merits of Singh's contention that he is entitled to substantially the same relief as a member of the class certified in *Maldonado Bautista v. Santacruz,* Case No. 5:25-CV-1873-SSS-BFM (C.D. Cal.);

3. The Motion is DENIED AS MOOT (ECF No. 2);

4. Within **seven days** of this Order, the Government shall provide Singh with a bond hearing pursuant to 8 U.S.C. § 1226(a);

5. At the bond hearing, the Government shall bear the burden to justify Singh's continued detention by clear and convincing evidence;

6. Should the Immigration Judge determine that release on bond is appropriate, no onerous conditions of release shall be unilaterally imposed by Respondents on Singh, including without limitation mandating that he wear GPS monitoring, submit to mandatory reporting, or have his movements otherwise restricted;

7. Respondents are hereby ENJOINED from removing, transferring, or causing the removal or transfer, of Singh from the District of Colorado during the pendency of this action;

8. Should Singh believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **April 1, 2026**. The Government shall file a response by no later than **April 22, 2026**, and Singh shall file a reply by no later than **May 6, 2026**; and

9. Judgment shall enter in Singh's favor and against the Government on **March 18, 2026,** UNLESS prior thereto the Court is informed that the Government has failed to fully and timely comply with the terms of this Order.

Dated this 4th day of March, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge